**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 26 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GURPREET SINGH; RAVINDERJIT KAUR GOTHRA, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | Nos.    09-73562 <br>          10-72225 <br><br> Agency Nos. A096-139-540 <br>                A096-139-541 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 13, 2012[**]

Before:     CANBY, TROTT, and W. FLETCHER, Circuit Judges.

In these consolidated cases, Gurpreet Singh and Ravinderjit Kaur Gothra,

natives and citizens of India, petition for review of the Board of Immigration

Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ")

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

decision denying their application for asylum and withholding of removal (No. 09-73562) and the BIA's denial of their motion to reopen (No. 10-72225). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we review for abuse of discretion the BIA's denial of a motion to reopen, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). In No. 09-73562, we deny in part and grant in part the petition for review, and we remand. In No. 10-72225, we dismiss the petition for review as moot.

With regard to petitioners' direct appeal, the IJ found Singh credible, and the BIA assumed Singh established past persecution because he was perceived as a Sikh militant. Substantial evidence supports the BIA's determination that the harm Singh suffered was not so severe that it warrants a humanitarian grant of asylum. *See Kumar v. INS*, 204 F.3d 931, 932-35 (9th Cir. 2000) (upholding denial of humanitarian asylum where soldiers stripped and fondled petitioner; punched, kicked, and beat her unconscious; forced her to renounce her religion; and tied up, beat, and otherwise harmed her parents).

However, substantial evidence does not support the BIA's finding of changed country conditions because the BIA did not conduct the requisite individualized analysis of Singh's situation. *See Lopez v. Ashcroft*, 366 F.3d 799,

804-05 (9th Cir. 2004) (BIA's changed country conditions finding was not sufficiently individualized where BIA relied only on demobilization of civil patrols and guerrillas and lack of evidence current government would be unable or unwilling to protect petitioner from future harm). In evaluating this issue, the BIA focused on conditions in the Punjab and the lack of evidence of ongoing harm against Sikhs. Singh, however, was accused of involvement with militants and mistreated by police from the Punjab, Uttar Pradesh, and Bombay. In addition, his testimony indicates he is the subject of ongoing police interest. As the BIA did not take these circumstances into account in assessing country conditions, we remand Singh's asylum and withholding of removal claims for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam); *Lopez*, 366 F.3d at 806-07.

We do not reach petitioners' contentions regarding the IJ's decision because the BIA did not rely on the IJ's decision to deny relief. Further, we decline petitioners' requests for judicial notice and do not consider the new evidence they reference in their opening and reply briefs. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (stating court's review is limited to administrative record and declining to take judicial notice of country report). Finally, in light of our preceding conclusions, we dismiss petitioners' challenge to the BIA's denial of

their motion to reopen as moot.  We note that if the parties wish to submit further evidence of current country conditions, they can pursue that before the agency on remand.  *See Lopez*, 366 F.3d at 806-07.

Each party shall bear its own costs for these petitions for review.

**No. 09-73562: PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**

**No. 10-72225: PETITION FOR REVIEW DISMISSED.**